## Zatkovich v. Greek Catholic Union

*Gregory Zatkovich* and *David B. Fawcett*, for plaintiff.

*George I. Puhak, T. B. Miller* and *Conrad A. Falvello*, for defendants.

McNAUGHER, J., September 15, 1932.—We have before us a proceeding under the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840. Two questions confront us: First, whether the parties are entitled to the remedy sought; and, second, if they be so entitled, whether the right of compiling the bylaws of defendant was vested in petitioner, Gregory Zatkovich, whose term as legal adviser of defendant expired August 1, 1932, or in George I. Puhak, who immediately succeeded him.

It is proper under the circumstances here presented to invoke the aid of the Uniform Declaratory Judgments Act. We are satisfied that there is an actual controversy and that a declaration by the court will aid in concluding it. There is no other legal remedy which will be as expeditious, and the facts are sufficiently admitted.

Defendant is a beneficial society incorporated under the laws of this State, with its principal place of business in the Borough of Munhall. It is governed by bylaws which from time to time are adopted by its supreme law-making body, the Supreme Convention. Petitioner, Gregory Zatkovich, was duly elected a supreme officer of defendant, in the capacity of legal adviser, by the twentieth supreme convention held in Gary, Ind., in June of 1929, and he was inducted

into office and assumed the duties thereof, as provided in paragraph 21-a of the bylaws of the union, on July 29, 1929. In accordance with a provision of the bylaws he retained this office until 30 days after the adjournment of the next succeeding supreme convention, held in Detroit, Mich., from June 20 to July 1, 1932. The Gary convention of 1929 adopted bylaws for the government of the union, compilation of which was provided for in paragraph 36 of section 4 as follows: "It is the duty of the legal adviser to compile the by-laws for the approval of the supreme assembly". The present legal adviser, George I. Puhak, maintains that because the supreme assembly did not sit until after the expiration of the term of petitioner, when he was no longer a member thereof, he was not entitled in the interim between the close of the convention and the sessions of the assembly to prepare or compile the bylaws.

Whatever may be said with reference to the wisdom of such an arrangement, it seems to us clear that the provisions of the bylaws gave to petitioner, who was for the 30-day period after the convention the legal adviser of the union, the right to perform all the duties reposed in the legal adviser. Petitioner's successor readily admits that Zatkovich was authorized to perform other duties attaching to his office, such for example as instituting suits in the name of the union. Since this is so it must follow that respondent recognizes petitioner as the official legal adviser for the period in question. The bylaws specifically state that the duty of compiling the bylaws belongs to the legal adviser. No mention is made of the legal adviser-elect. Puhak, though elected, was not actually the legal adviser until he took office 30 days following the close of the convention.

The question of payment of the honorarium to petitioner does not depend upon the adoption of petitioner's compilation. He did compile the bylaws and they were submitted "for the approval of the supreme assembly", whether later approved and adopted or not. Compensation to him should follow.

A declaratory judgment will be entered in favor of petitioner in accordance with the foregoing opinion.

From William J. Aiken, Pittsburgh, Pa.